UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAREE BUTLER,

        Plaintiff,

   v.

CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT and OFFICER MICHELLE PEREZ,

        Defendants.

_____/

NO. CIV. S-07-755 LKK/DAD

O R D E R

Plaintiff, Sharee Butler, brings suit against the City of Sacramento, the Sacramento Police Department and Detective Michelle Perez under 42 U.S.C. § 1983, alleging she was unlawfully detained and arrested. Plaintiff brings additional state law claims for false imprisonment, battery and violation of her civil rights. Pending before the court is defendants' motion to dismiss the complaint for failure to state a claim. The court resolves the matter upon the parties' papers and after oral argument. For the reasons set forth below, the motion is denied in part and granted in part.

1

**I.**

**Factual Allegations**

Plaintiff's allegations stem from two police searches executed on June 28, 2006 pursuant to a search warrant issued by Sacramento County Superior Court. The warrant authorized the search of, inter alia, 3629 Merano Way, Antelope, California and a white 1998 Acura vehicle registered to plaintiff at 3629 Merano Way, Antelope, California. Compl. ¶ 11. The complaint is silent as to whether the searches had to be executed simultaneously.

The factual allegations are fairly straight forward. On June 28, 2006 at approximately 8:15 p.m., plaintiff parked her car in the parking lot of the Wal-Mart located on Watt Avenue in Sacramento. Plaintiff then observed a light-colored Ford Explorer SUV pull behind her vehicle, blocking it in. Compl. ¶ 14. Sacramento police officers allegedly rushed from the SUV and other unmarked police vehicles with their guns drawn and pointed at plaintiff. Id. Plaintiff was then handcuffed and placed in the SUV. Compl. ¶ 14-15. At that point, the officers drove plaintiff's vehicle and the police vehicles to the rear of the Wal-Mart where officers searched the interior and exterior of plaintiff's vehicle. Compl. ¶ 15. Plaintiff alleges that she was detained in the SUV for more than one hour. Compl. ¶ 16.

At the conclusion of the search of plaintiff's car, Detective Michelle Perez informed plaintiff that the officers had found no contraband, but refused to release plaintiff. Compl. ¶ 16. Detective Perez kept plaintiff handcuffed in the backseat and drove

the SUV to plaintiff's residence at 3629 Merano Way. Id. A search was then conducted of plaintiff's residence. Id. When officers entered the premises they pepper-sprayed plaintiff's dog despite plaintiff's offer to take control of the animal. Id. While the search was proceeding, officers directed plaintiff to sit in the living room of her residence. Compl. ¶ 17. At approximately 11:30 p.m., Detective Perez informed plaintiff that no contraband had been discovered in the search, removed plaintiff's handcuffs and exited the residence with the other law enforcement personnel. Compl. ¶ 18. Plaintiff was neither charged or arrested for any criminal offense in connection with the search of her vehicle or her home.

Plaintiff filed an administrative claim with the City of Sacramento regarding her state law claims and it was rejected on October 26, 2006. Compl. ¶ 9. In the present action, plaintiff alleges that defendants violated her Fourth Amendment rights by "detaining her without reasonable suspicion or probable cause after defendants failed to discover contraband in her vehicle." Compl. ¶ 19. Plaintiff also alleges that defendants violated her Fifth Amendment rights by "unreasonably and without reasonable suspicion or probable cause detaining plaintiff after completing the search of her vehicle, which amounted to an illegal arrest." Compl. ¶ 20. Plaintiff also brings state law claims for false imprisonment, battery, and violation of civil rights pursuant state law. Compl. ¶¶ 21-23.

////

## II.

### Standard for Motions to Dismiss

In order to survive a motion to dismiss for failure to state a claim, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." Id. at 1964-65.

As the Supreme Court observed, Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. Id. at 1965 n. 3. Though such assertions may provide a defendant with the requisite "fair notice" of the nature of a plaintiff's claim, only factual allegations can clarify the "grounds" on which that claim rests. Id. "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. at 1965 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).[1]

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972).

---

[1] The holding in Twombly explicitly abrogates the well established holding in Conley v. Gibson, that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957); Twombly, 127 S.Ct. at 1968.

4

1  The court is bound to give the plaintiff the benefit of every
2  reasonable inference to be drawn from the "well-pleaded"
3  allegations of the complaint. See Retail Clerks Intern. Ass'n,
4  Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).
5  In general, the complaint is construed favorably to the pleader.
6  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
7  grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).  That said,
8  the court does not accept as true unreasonable inferences or
9  conclusory legal allegations cast in the form of factual
10 allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th
11 Cir. 1981).

**III.**

**Analysis**

14 Plaintiff alleges that she was unlawfully detained and falsely
15 arrested when defendants, upon concluding the search of her vehicle
16 and discovering no contraband, continued to detain her and
17 transport her to her residence, which was also searched.
18 Defendants move to dismiss on the grounds that plaintiff cannot
19 state a claim because the detention was incident to the search of
20 her vehicle and residence, and was therefore reasonable.

21 **A.   Plaintiff's Claim under the Fourth Amendment**

22     **1.   Law Governing Detention Incident to Search**

23 The Fourth Amendment protects "the right of the people to be
24 secure in their persons, houses, papers, and effects, against
25 unreasonable searches and seizures."  U.S. Const. Amend. IV.
26 Although the seizure of a person generally must be supported by

probable cause to be reasonable, "some seizures admittedly covered by the Fourth Amendment constitute such limited intrusions on the personal security of those detained and are justified by such substantial law enforcement interests that they may be made on less than probable cause." Michigan v. Summers, 452 U.S. 692, 696 (1981) (citations omitted). Considering the temporary detention of a person during a warrant-based search, the Supreme Court has held, in Michigan v. Summers, that "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." Id. at 705. (footnotes omitted). Nonetheless, a detention incident to a search must be reasonable. Dawson v. City of Seattle, 435 F.3d 1054, 1066 (9th Cir. 2006).

"To determine whether a detention incident to a search is constitutionally reasonable, [the court] balance[s] the law enforcement interests served by the detention against the public's privacy interests." Id. (citing Ganwich v. Knapp, 319 F.3d 1115, 1120 (9th Cir. 2003)). The law enforcement interests served by such a detention are "preventing flight in the event that incriminating evidence is found; minimizing the risk of harm to the officers; and facilitating the orderly completion of the search, as detainees' self interest may induce them to open locked doors or locked containers to avoid the use of force." Muehler v. Mena, 544 U.S. 93, 98 (2005) (citing Summers, 452 U.S. at 702-03) (internal cites omitted).

////

**2. Whether Plaintiff's Detention was Reasonable**

Plaintiff alleges that defendants, acting under color of state law, deprived her of her Fourth Amendment rights by "detaining her without reasonable suspicion or probable cause after defendants failed to discover contraband in her vehicle." Compl. ¶ 19. In their motion to dismiss, defendants argue that since plaintiff "has alleged she was only detained for approximately three (3) hours, just long enough for the officers to complete the search of her vehicle and residence, pursuant to a search warrant," her detention was coextensive with the period of the search and was therefore reasonable. Defs.' Mot. to Dismiss at 3.

Defendants cite no authority for the proposition that the two searches, conducted at different locations and at different times, may be considered one search for the purposes of evaluating plaintiff's detention under Summers.[2] Moreover, it is clear that the time plaintiff was detained between the execution of the searches cannot be characterized as a detention incident to the search of her car. Generally, a person may be detained only for the period of the search and may not be detained once the search is complete. See Dawson, 435 F.3d at 1066. Here, plaintiff alleges that the police continued to detain her after her car was searched and no contraband was discovered. Thus, plaintiff's

---

[2] In this respect the warrant is vague. According to the allegations contained in the complaint, the search warrant provided for the search of, inter alia, both the house and car but did not specify if the searches had to be executed simultaneously. This ambiguity, however, does not prevent the court from adjudicating the pending motion.

7

1 continued detention after the conclusion of the search of her
2 vehicle may not be justified as detention incident to the search
3 of her car.
4     Second, even if plaintiff's continued detention may be viewed
5 as detention incident to the search of her house, the court cannot
6 conclude, based on the facts alleged in the complaint, that the
7 detention was reasonable under Summers.
8     Whether a detention is reasonable depends on "both the
9 character of the official intrusion and its justification."
10 Summers, 452 U.S. at 700. A detention may be unlawful under the
11 Fourth Amendment "either because the detention itself is
12 [unreasonable] or because it is carried out in an unreasonable
13 manner." Franklin v. Foxworth, 31 F.3d 873, 876 (9th Cir. 1994).
14 A seizure must be "carefully tailored" to the law enforcement
15 interests that, according to the Summers line of cases, justify
16 detention while a search warrant is being executed. Ganwich v.
17 Knapp, 319 F.3d 1115, 1122 (9th Cir. 2003). "[A] detention
18 conducted in connection with a search may be unreasonable if it is
19 unnecessarily painful, degrading, or prolonged[.]" Franklin, 31
20 F.3d at 876.
21     When a person is detained away from the premises to be
22 searched, there is an increased intrusion on his privacy. See
23 United States v. Hogan, 25 F.3d 690, 693 (8th Cir. 1994). Many
24 circuits, including the Ninth Circuit, have held that detentions
25 are unreasonable if the person is away from the premises to be
26 searched. For example, where the defendant had exited the premises

to be searched and was stopped while driving away some distance from the house, the Ninth Circuit found Summers inapplicable on the grounds that the defendant was not detained in or adjoining the place being searched and was obviously in no position to facilitate the orderly completion of the search while lying handcuffed face down in a ditch some distance from the house.  United States v. Taylor, 716 F.2d 701, 706 (9th Cir. 1983).

Similarly, the Tenth Circuit has held that the balance of interests did not allow police to detain a defendant after stopping him three blocks from the premises for which they had a search warrant because "the police's legitimate law enforcement interest in preventing flight in the event that incriminating evidence was found was far more attenuated than in Summers."  United States v. Edwards, 103 F.3d 90, 93-94 (10th Cir. 1996).  The court reasoned that the defendant "did not know prior to being stopped that any warrant was being executed" and "thus had no reason to flee."  Id. See also United States v. Reinholz, 245 F.3d 765, 778 (8th Cir. 2001) (detention unreasonable when defendant was at work, at least a twenty-five-minute drive from his residence, was unaware of the warrant, and did not pose a flight risk).

Common to all these cases is a determination that the detention in question did not advance the governmental purposes articulated in Summers, for example, preventing flight in the event that incriminating evidence is found or facilitating the orderly completion of the search.

In the case at bar, plaintiff alleges that the police had no

9

1  reason to detain her once they completed the search of her car.
2  She alleges that she remained handcuffed and kept in the police car
3  despite the fact that nothing incriminating was found in her car.
4  Although defendants claim that the detention in between the
5  searches was reasonable, the court is adjudicating a motion to
6  dismiss, not a motion for summary judgment.  The facts of the
7  allegation are taken as true.  See Cruz v. Beto, 405 U.S. 319, 322
8  (1972).  While it may be that the police had a legitimate reasons
9  to detain plaintiff, these facts are not contained in the
10 complaint.   In determining whether a detention incident to a
11 search was reasonable, the court looks at the totality of the
12 circumstances.  Meredith v. Erath, 342 F.3d 1057, 1063 (9th Cir.
13 2003).  At this point, the court does not know all the
14 circumstances surrounding the searches and cannot determine if
15 plaintiff's detention was "carefully tailored" and the law
16 enforcement interests outweighed the intrusion on plaintiff's
17 privacy.  See Ganwich, 319 F.3d at 1122.

18      For these reasons, plaintiff has alleged sufficient facts so
19 as to state a claim that defendants violated her Fourth Amendment
20 right to be free from illegal seizure.  Although the police found
21 no contraband in plaintiff's car, they continued to detain her in
22 handcuffs.  Once the car search was complete, plaintiff contends
23 that there was no reason to continue the detention.  Moreover, she
24 was detained at some distance from her house, which is an increased
25 invasion of plaintiff's privacy interests.  See Hogan, 25 F.3d at
26 693.  These factual allegations are sufficient to state a claim and

10

for this reason, defendants' motion to dismiss plaintiff's claim based on the Fourth Amendment is denied.

**B.    Plaintiff's Fifth Amendment Claim for False Arrest**

Plaintiff alleges that defendants violated her Fifth Amendment rights by "unreasonably and without reasonable suspicion or probable cause detaining plaintiff after completing the search of her vehicle, which amounted to an illegal arrest." Compl. ¶ 20. Defendants move to dismiss on the grounds that plaintiff has failed to state a claim.

It is not clear what specific Fifth Amendment right defendants allegedly violated when they continued to detain plaintiff. Making a "blanket assertion" of entitlement to relief is insufficient to state a cause of action. Twombly, 127 S.Ct. at 1965 n. 3. While plaintiff has clearly alleged a violation of her Fourth Amendment rights, the complaint fails to specify how plaintiff's Fifth Amendment rights were violated.

Moreover, plaintiff's Fifth Amendment claim appears to duplicate plaintiff's claim under the Fourth Amendment, namely, that she was illegally seized. Plaintiff's opposition brief fails to mention, much less discuss, her Fifth Amendment claim and how it differs from her claim under the Fourth Amendment.

In short, it is not clear how plaintiff's claim under the Fifth Amendment is a separate or alternative claim to her claim under the Fourth Amendment. Accordingly, plaintiff's claim under the Fifth Amendment is dismissed with prejudice.

////

**C.    Plaintiff's State Law Claims**

Given that plaintiff has stated a claim pursuant to Section 1983, the court may exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367; Arbaugh v. Y & H Corp., 546 U.S. 500 (2006) (under 28 U.S.C. § 1367, "federal courts may exercise 'supplemental' jurisdiction over state-law claims linked to a claim based on federal law."). Accordingly, the court addresses defendants' motion to dismiss plaintiff's state law causes of action.

**1.    False Imprisonment**

Plaintiff alleges that defendants "falsely imprisoned plaintiff by illegally restraining her by means of physical force, threat of force and/or arrest, physical barriers, and other means amounting to unreasonable duress, causing plaintiff to suffer physical injury and emotional distress." Compl. ¶ 21. In order to state a claim for false imprisonment, the plaintiff must allege that she was intentionally confined without consent, without lawful privilege, and for an appreciable period of time, however brief. Easton v. Sutter Coast Hosp., 80 Cal. App. 4th 485, 496 (Cal. Ct. App. 2000).

Here, the factual allegations are sufficient to state a cause of action. Plaintiff alleges she was intentionally confined without her consent and without lawful privilege when defendants confined her and handcuffed in a police vehicle without reasonable suspicion or probable cause. Plaintiff also alleges that she was confined for an appreciable period of time, namely, the time

between the search of her car and the search of her house.

Defendants argue that the detention of plaintiff was reasonable. As discussed in the context of plaintiff's Fourth Amendment claim, plaintiff has alleged sufficient facts to claim that her detention was unreasonable. Accordingly, defendants' motion to dismiss plaintiff's claim for false imprisonment is denied.

**2. Battery**

Plaintiff alleges that defendants "intentionally, willfully and without just cause battered plaintiff by forcefully and violently handcuffing her, and refusing to remove the handcuffs once defendants completed the search of plaintiff's vehicle in the parking lot of Wal-Mart, causing plaintiff to suffer physical injury and emotional distress." Compl. ¶ 22.

In order to state a claim for battery, a plaintiff must allege that (1) defendant intentionally did an act which resulted in a harmful or offensive contact with the plaintiff's person, (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to the plaintiff. Piedra v. Dugan, 123 Cal. App. 4th 1483, 1495 (Cal. Ct. App. 2004); Fluharty v. Fluharty, 59 Cal. App. 4th 484, 497 (Cal. Ct. App. 1997). Additionally, in a battery action against police officers, a plaintiff must also allege that the police used unreasonable force. Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1272 (Cal. Ct. App. 1998).

In the case at bar, plaintiff has alleged that without her

13

consent and "without just cause" defendants "battered plaintiff by forcefully and violently handcuffing her." Compl. ¶ 22. Although police may use force, including handcuffs, to effect a detention incident to a search, the force must be reasonable under the circumstances. Muehler, 544 U.S. at 98-99. Plaintiff alleges the force was unreasonable. Plaintiff also alleges that she suffered physical injury and emotional distress as a result of defendants' actions. Accordingly, the factual allegations are sufficient to state a claim that the amount of force used was unreasonable and constituted battery.[3] For this reason, defendants' motion to dismiss plaintiff's battery claim is DENIED.

### 3. Violation of Civil Rights under the Bane Act

Plaintiff also brings suit under Cal. Civ. Code § 52.1 ("The Bane Act"). This statute creates a cause of action for "any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or . . . of this state, has been interfered with, or attempted to be interfered with" by any other person through "threats, intimidation, or coercion." Cal. Civ. Code § 52.1(a)-(b). In short, § 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998). There is no requirement of state action analogous to the

---

[3] Defendants' sole argument on this point is that the detention and use of handcuffs was reasonable. As discussed in the context of plaintiff's Fourth Amendment claim, plaintiff has set forth sufficient factual allegations to state a claim that she was unreasonably detained. Accordingly, defendants' argument is without merit.

14

requirement of 42 U.S.C. § 1983. Id.

Plaintiff alleges that when she was detained and handcuffed, defendants interfered with her federal and state constitutional rights to be free from "illegal detention and false arrest." Compl. ¶ 23. It is well established that the "[u]se of law enforcement authority to effectuate a stop, [and] detention (including use of handcuffs) . . . can constitute" threats, intimidation, or coercion under the Bane Act. Cole v. Doe 1 Thru 2 Officers of City of Emeryville Police Dept., 387 F. Supp. 2d 1084, 1103 (N.D. Cal. 2005) (relying on California cases interpreting the Bane Act). Here, plaintiff alleged she was handcuffed and detained, which interfered with her right to be free from illegal seizures. For these reasons, and for the reasons previously discussed, defendants' motion to dismiss plaintiff's claim under the Bane Act is denied.

## IV.

## Conclusion

1. Defendants' Motion to Dismiss is DENIED with respect to plaintiff's first, third, fourth and fifth claims for relief and GRANTED with respect to plaintiff's second claim for relief.

IT IS SO ORDERED.

DATED: August 6, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

15